# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**04-0738**


**METRA BARRAKA, ET VIR**

**VERSUS**

**JOANN BOWIE, ET AL.**


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 210,457,
HONORABLE W. ROSS FOOTE, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*] Judges.


**AFFIRMED.**


**Malcolm X. Larvadain**
**Attorney at Law**
**626 Eighth Street**
**Alexandria, LA 71301**
**(318) 445-3533**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
      **Metra Barraka, et vir**

**Keith M. Borne**
**Borne & Wilkes, L.L.P.**
**200 West Congress, Suite 1000**
**Post Office Box 4305**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as judge pro tempore.

**Lafayette, LA 70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
   **Joann Bowie, et al.**

PETERS, J.

Omatu and Metra Barraka, husband and wife, appeal a judgment of involuntary dismissal with prejudice of their suit against Joann Bowie and her automobile liability insurer, Safeway Insurance Company of Louisiana (Safeway). For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

This litigation arises from a May 30, 2002 automobile accident which occurred in Alexandria, Rapides Parish, Louisiana. A vehicle driven by Mrs. Barraka was struck from the rear by a vehicle owned by Ms. Bowie and driven by John F. Simmons. The Bowie vehicle was insured for liability purposes by Safeway. The Barrakas brought suit against Ms. Bowie and Safeway to recover the property damages and medical expenses they sustained, as well as Mrs. Barraka's personal injury damages and Mr. Barraka's loss of consortium damages.

The plaintiffs alleged in their petition that Mr. Simmons was "an unlicensed minor and inexperienced driver" and that Ms. Bowie had given him permission to operate her vehicle. However, while asserting that Mr. Simmons negligently struck Mrs. Barraka's vehicle, the plaintiffs did not bring suit against Mr. Simmons or his legal representative (assuming he was a minor). Instead, the plaintiffs asserted that Ms. Bowie and Safeway were liable for their damages because Mr. Simmons "was on a mission for [Ms. Bowie], or in the alternative, [Ms. Bowie] negligently entrusted her vehicle to [Mr.] Simmons" and because Safeway was the liability insurer of Ms. Bowie.

In their answer to the petition, Safeway and Ms. Bowie denied that Ms. Bowie had given permission to Mr. Simmons to operate the vehicle and asserted that Mr. Simmons was operating the vehicle "without [Ms. Bowie's] knowledge and/or

consent." However, the defendants went further in their answer, asserting that the Safeway insurance policy provided no coverage for Mr. Simmons in the accident, an issue not raised by the plaintiffs in their pleadings.

As the trial on the merits began, the litigants stipulated that, as a result of the accident, the plaintiffs sustained $473.60 in property damages and $944.99 in medical expenses. In support of their claims, the plaintiffs then introduced medical reports and a copy of Safeway's insurance policy and offered their testimony as well as that of two other witnesses.

Concerning the permission issue, Mrs. Barraka testified that soon after the accident, Ms. Bowie arrived at the accident scene and informed her that she had insurance to cover the accident. Mr. Barraka, who also arrived at the scene soon after the accident, overheard Ms. Bowie's comment concerning insurance as well. Additionally, Jermaine Morris, a seventeen-year-old high school student and a passenger in the Bowie vehicle at the time of the accident, testified that he had ridden with Mr. Simmons in Ms. Bowie's vehicle in the past and that Ms. Bowie had been aware of Mr. Simmons' use of the vehicle. The final witness, Deeleen Morris, who is the mother of Jermaine Morris, testified that she had seen her son and Mr. Simmons in Ms. Bowie's vehicle on numerous occasions and that she had conversed with Ms. Bowie concerning Mr. Simmons using the vehicle.

The plaintiffs presented no evidence to establish that Mr. Simmons was an inexperienced driver. In fact, Mr. Morris testified that, at all times, he considered Mr. Simmons to be a safe driver.

The remaining evidence presented by the plaintiffs addressed the particulars of the accident and the extent of their damages. Upon the completion of the

2

plaintiffs' case, the defendants moved for an involuntary dismissal pursuant to La.Code Civ.P. art. 1672(B), which motion the trial court granted. In granting the motion, the trial court found that the plaintiffs had failed to establish by a preponderance of the evidence that Mr. Simmons was either on a mission for Ms. Bowie or that she had negligently entrusted the vehicle to him. Thus, the trial court concluded that the plaintiffs failed to establish either independent negligence or vicarious liability on Ms. Bowie's part. Noting that Safeway's status as a defendant arose only as the insurer of Ms. Bowie, the trial court dismissed Safeway as well. The plaintiffs then perfected this appeal.

## OPINION

The procedure for an involuntary dismissal is set fourth in La.Code Civ.P. art. 1672. If the matter is tried as a bench trial, the defendant may move for a dismissal of the plaintiff's action at the close of the plaintiff's case based "on the ground that upon the facts and law, the plaintiff has shown no right to relief." La.Code Civ.P. art.1672(B). At that point, the trial court may either render judgment or decline to render judgment until the close of all of the evidence. *Id.* The trial court is required to weigh and evaluate all of the evidence presented by the plaintiff and to grant the dismissal if the plaintiff has failed to prove his claim by a preponderance of the evidence. *Guillory v. Int'l Harvester Co.*, 99-593 (La.App. 3 Cir. 10/13/99), 745 So.2d 733, *writ denied*, 99-3237 (La. 1/14/00), 753 So.2d 220. "The grant of an involuntary dismissal is subject to the manifest error standard of review." *Kite v. Carter*, 03-378, p. 5 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271, 1274.

We find no manifest error in the trial court's conclusion that the plaintiffs failed to establish by a preponderance of the evidence either that Mr. Simmons was

on a mission for Ms. Bowie or that she negligently entrusted her vehicle to him. We also agree that the plaintiffs neither pleaded nor proved a basis for establishing any other form of vicarious liability on the part of Ms. Bowie. Therefore, we find no error in the trial court's dismissal of Ms. Bowie as a party defendant at the close of the plaintiffs' case.

Concomitantly, we reach the same conclusion regarding Safeway. Although the trial court did not reach the permission issue, our examination of the record causes us to conclude that the plaintiffs established by a preponderance of the evidence that Mr. Simmons was driving with Ms. Bowie's permission. That being the case, Mr. Simmons was unquestionably an omnibus insured under the Safeway policy. However, for whatever reason, the plaintiffs did not sue Mr. Simmons or his legal representative. Therefore, Safeway was not sued in its capacity as the omnibus insurer of Mr. Simmons. The only issue before the trial court was whether Ms. Bowie was at fault. Thus, the resulting judgment finding no fault on Ms. Bowie's part had the effect of releasing Safeway from liability as well.

## DISPOSITION

For these reasons, we affirm the judgment of involuntary dismissal with prejudice as to both Joann Bowie and Safeway Insurance Company of Louisiana. We assess all costs of this appeal to Omatu and Metra Barraka.

**AFFIRMED.**

4