STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1036

BASIC HOME CARE SERVICES, INC.

VERSUS

WILLIAM DORE

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 106524-E
HONORABLE KEITH R. J. COMEAUX,
DISTRICT COURT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

**Lynden J. Burton**
**Pecantte-Burton & Burton**
**117 East Pershing Street - Suite B**
**Post Office Box 13738**
**New Iberia, Louisiana 70562-3738**
**(337) 367-1779**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     Basic Home Care Services, Inc.

**Edward C. Abell, Jr.**
**Onebane Law Firm**
**Post Office Box 3507**
**Lafayette, Louisiana 70502-3507**
**(337) 237-2660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **William Dore**

**GENOVESE, JUDGE.**

In this breach of contract case, Basic Home Care Services, Inc. (Basic Home Care) appeals the trial court's grant of William Dore's (Dore) motion for directed verdict and the trial court's sequestration ruling. For the following reasons, we affirm.

## FACTS

Plaintiff, Basic Home Care, is a licensed provider of a variety of non-medical, independent living services for its elderly and disabled clients. According to the testimony of Omar Pecantte, the business office manager of Basic Home Care, in November of 2005, Elaine Dore (Mrs. Dore),[1] who had been a previous client, contacted Basic Home Care about retaining its services. Omar Pecantte further testified that after he spoke to Mrs. Dore about the services and the terms thereof, at her request, he faxed an employment agreement to her son, Dore. The agreement faxed to Dore by Basic Home Care was a twelve month contract for independent living services. Omar Pecantte testified that Dore edited the document by substituting his own name for that of his mother as the person responsible for paying for the services, signed the document, and faxed it back to Basic Home Care. Omar Pecantte and Richard Pecantte, the chief executive officer of Basic Home Care, testified that they both signed the document and faxed it back to Dore.[2] Although the parties disagree on the reason and manner in which it occurred, Richard Pecantte testified that on November 6, 2005, Mrs. Dore advised Basic Home Care that she no longer desired its services. Basic Home Care subsequently filed suit against Dore, alleging that he was liable for breaching the contract between the parties.

---

[1]Mrs. Dore is the mother of Defendant, Dore.

[2]In his answer, Dore did not admit the existence of a contract, but plead that if a contract did exist, it was a written instrument and it was the best evidence of its contents.

At the commencement of trial, Dore moved to sequester the witnesses. All of the witnesses were sworn in and ordered to leave the courtroom until they were called to testify, except Richard Pecantte and Mrs. Dore. Basic Home Care objected to Mrs. Dore being allowed to remain in the courtroom, and the trial court overruled the objection.

After the presentation of Basic Home Care's case, Dore moved for a directed verdict[3] asserting that Basic Home Care failed to prove that a contract existed between the parties as alleged. The trial court ruled that there was an oral contract for five days of service between Basic Home Care and Mrs. Dore, which was admittedly paid, but that there was no contract between Basic Home Care and Dore. The trial court then granted Dore's motion for direct verdict.

Basic Home Care appeals both the trial court's sequestration ruling and its grant of directed verdict in favor of Dore. For the following reasons, we affirm.

## ISSUES

The following issues are raised by Basic Home Care for our review:

1. Whether the trial court erred in not requiring Elaine Dore to leave the courtroom until called as a witness as provided by the rules of sequestration.

2. Whether the trial court erred in granting the motion for directed verdict on behalf of Dore, finding that there was no written contract between Dore and Basic Home Care.

## LAW AND ARGUMENT

**SEQUESTRATION**

At the beginning of the trial, Dore orally moved to sequester the witnesses. The witnesses were identified, sworn, and instructed by the trial court on the rules

---

[3]Dore's motion for directed verdict is mislabled. A directed verdict can only be had in jury trials pursuant to La.Code Civ.P. art. 1810. This case was not a jury trial, but instead a bench trial. Hence, Dore's motion for directed verdict should have been a motion for involuntary dismissal pursuant to La.Code Civ.P. art. 1672(B).

2

of sequestration. Counsel for Basic Home Care requested that Richard Pecantte and Omar Pecantte be allowed to remain in the courtroom. The trial court allowed only Richard Pecantte to remain in the courtroom as the corporate representative of Basic Home Care. When Dore's counsel requested that Mrs. Dore[4] remain in the courtroom, Basic Home Care objected to her being exempt from sequestration since she was not the named defendant. The trial court referred to the provisions of La.Code Evid. art. 615 and found that Mrs. Dore, who was the person to whom services were provided by Basic Home Care, should be allowed to remain in the courtroom to assist counsel for Dore during the witnesses' testimony; thus, she was "essential to his defense." Therefore, the trial court allowed Mrs. Dore to remain in the courtroom with defense counsel. We find no abuse of the trial court's discretion in exempting Mrs. Dore from the rule of sequestration.

The relevant provision governing the sequestration of witnesses at trial is La.Code Evid. art. 615, which provides, in pertinent part, as follows:

> A. As a matter of right. On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion.
>
> B. Exceptions. This Article does not authorize exclusion of any of the following:
>
> (1) A party who is a natural person.
>
> (2) A single officer or single employee of a party which is not a natural person designated as its representative or case agent by its attorney.
>
> (3) A person whose presence is shown by a party to be essential to the presentation of his cause such as an expert.
>
> (4) The victim of the offense or the family of the victim.

---

[4]Defendant, William Dore, was not present at trial.

3

The jurisprudence holds that "it is within the broad discretion of the trial court to determine whether to exempt a witness from its sequestration order." *Rhone v. Boh Bros.*, 01-270, p. 3 (La.App. 4 Cir. 12/12/01), 804 So.2d 764, 766 (citing *State v. Simien*, 95-1407, p. 8 (La.App. 3 Cir. 7/24/96), 677 So.2d 1138, 1143). As the trial court noted, Mrs. Dore was the individual to whom the services were provided by Basic Home Care. As such, it was she who would have knowledge of the facts and the truthfulness of the witnesses' testimony necessary to assist defense counsel. Therefore, we find no abuse of the trial court's broad discretion in his refusal to order the sequestration of Mrs. Dore. Nevertheless, this issue is rendered moot since this court affirms the trial court's grant of directed verdict (motion for involuntary dismissal) as hereinafter set forth.

**MOTION FOR INVOLUNTARY DISMISSAL**

"The grant of an involuntary dismissal is subject to the manifest error standard of review." *Barraka v. Bowie*, 04-738, p. 3 (La.App. 3 Cir. 11/10/04), 886 So.2d 1242, 1245 (quoting *Kite v. Carter*, 03-378, p. 5 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271, 1274).

The procedural mechanism for an involuntary dismissal is provided by La.Code Civ.P. art. 1672, which provides, in pertinent part:

> B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

In the instant matter, following the presentation of evidence by Basic Home Care, Dore moved for a directed verdict (involuntary dismissal) on the grounds that Basic Home Care failed to prove the contract upon which its claim was based. The

4

trial court opined that the evidence established that an oral contract existed between Mrs. Dore and Basic Home Care, but that there was no evidence establishing the existence of a contract between Basic Home Care and William Dore. We agree.

Basic Home Care had the burden of proving the existence of the obligation upon which it filed suit. La.Civ.Code art. 1831. Additionally, although there was no legal requirement that the contract be in writing, when "the parties have contemplated a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form." La.Civ.Code art. 1947. In the case at bar, the record contains a document entitled "EMPLOYMENT CONTRACTUAL AGREEMENT" which, according to the testimony, was faxed by Basic Home Care to Dore. Each time the name "Elaine" appears in the document, it is marked through and the name "William" is handwritten above. Consistent therewith, "she" is replaced by "he" in the agreement. The document appears to have been signed by Dore and was faxed back to Basic Home Care. Although Omar Pecantte testified that he and Richard Pecantte signed the document and faxed it back to Dore, the signed document was not admitted into evidence; it is not in the record; and Dore did not testify at the trial. Therefore, we find that the testimony and the document which was introduced were insufficient to prove that a contract was perfected between Dore and Basic Home Care. At best, Basic Home Care only proved an oral contact with Mrs. Dore for five days of service, which was undisputedly paid. Given Basic Home Care's failure to prove the existence of a contract for twelve months service with Dore, written or otherwise, the trial court did not err in granting Dore's motion for directed verdict (involuntary dismissal). Therefore, we affirm the judgment of the trial court.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the motion for directed verdict (involuntary dismissal) on behalf of William Dore is affirmed.

5

The sequestration issue is moot.

Costs of this appeal are assessed against Plaintiff/Appellant, Basic Home Care Services, Inc.

**AFFIRMED.**