# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-1223


LAMONTEANSON CHENEVERT

VERSUS

WILLIAM EARL HILTON, SHERIFF, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 174,955
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

**MOTION TO DISMISS APPEAL DENIED. AFFIRMED.**


Paul Boudreaux, Jr.
221 Wilderness Drive
Boyce, LA   71409-8618
(318) 443-9999
COUNSEL FOR DEFENDANT/APPELLEE:
      Premier 1 Centre, Inc.

H. Bradford Calvit
Provosty, Sadler, deLaunay, Fiorenza & Sobel, APC
Post Office Drawer 1791
Alexandria, LA   71309-1791
(318) 445-3631
COUNSEL FOR DEFENDANTS/APPELLEES:
      Sheriff William Earl Hilton
      Glenn E. Whiddon
      Juvenal Maldanado

**Roger D. Phipps**
**Phipps & Phipps**
**541 Exposition Boulevard**
**New Orleans, LA   70118**
**(504) 899-0763**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lamonteanson Chenevert**

**Larry B. Minton**
**Post Office Drawer 13320**
**Alexandria, LA   71315-3320**
**(318) 487-0115**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lamonteanson Chenevert**

AMY, Judge.

The plaintiff was knocked to the ground by an unknown third person outside a hotel lounge while he was being arrested by reserve deputy officers employed as the lounge's security guards. He alleged injuries as a result and filed suit against the deputies, the Sheriff of Rapides Parish, and the premises owners, among others. The matter proceeded to a bifurcated trial on the plaintiff's negligence claims against the defendants. The plaintiff's claims were dismissed upon the granting of motions for involuntary dismissal and directed verdict. The plaintiff appeals. The defendants answer the appeal, seeking attorney fees and expenses associated with a civil rights claim, dismissed earlier in the proceedings. The defendants also seek dismissal of the plaintiff's appeal. For the following reasons, we deny the motion to dismiss appeal and affirm the trial court's ruling.

## Factual and Procedural Background

The plaintiff, Lamonteanson Chenevert, was a patron of the lounge at the Ramada Inn in Alexandria on the evening of December 26, 1992, as was his former wife, Glenda Mayeaux Chenevert. After Mr. Chenevert approached her, Ms. Chenevert notified the lounge's security guards that she was in possession of a restraining order issued against her former husband. The record reflects that the security guards, Glenn Whiddon and Juvenal Maldanado, were Rapides Parish Sheriff's Reserve Deputies. They asked Mr. Chenevert to leave the premises. Mr. Chenevert contends that, because he had been drinking throughout that evening, he did not have a way to return home.

Later in the evening, Deputies Whiddon and Maldanado observed Mr. Chenevert outside of the lounge's back door. According to Mr. Chenevert, the deputies ran outside, told him that he was under arrest, and took hold of his arm. He

alleged that when they did so, and as they were attempting to handcuff him, he observed a "guy from a good little distance" who ran toward them and knocked the group to the ground. Mr. Chenevert alleged that he sustained a broken collarbone in the fall and that he was not provided with medical assistance until later in the evening.

Mr. Chenevert filed suit in December 1993, alleging various causes of action related to the incident, naming numerous defendants, and seeking damages associated with his injuries. When the matter reached a bifurcated trial in March 2007, only a negligence claim remained against Deputies Whiddon and Maldanado as well as against Premier 1 Centre, Inc., the franchisee of the premises.[1] Pursuant to a cross claim filed by the premises defendants, Sheriff William Earl Hilton also remained a party to the suit. At the close of the plaintiff's case, the trial court granted motions for involuntary dismissal and directed verdict, citing a lack of proof as to duty and breach of duty. The plaintiff's claim and all incidental demands were dismissed with prejudice.

The plaintiff appeals, assigning the following as error:

1.  On March 1, 2007 the Trial Court granted Defendants, Maldanado and Whiddon's, Motion to Strike Jury Trial, that judgment which is contrary to the law and evidence, should be reversed and this matter remanded for a jury trial on the merits.

2.  On March 9, 2007 the Trial Court granted Defendants, Maldanado and Whiddon's, Motion for Involuntary Dismissal with full prejudice; that judgment, which is contrary to the law and evidence, should be reversed and this matter remanded for a jury trial on the merits.

3.  On March 8, 2007 the Trial Court granted Defendant, Premier 1 Centre, Inc.'s, Motion for Directed Verdict with full prejudice;

---

[1] Although the premises owner was also named as a defendant, the petition was not amended subsequent to his death to substitute his succession as a defendant.

that judgment, which is contrary to the law and evidence, should be reversed and this matter remanded for a jury trial on the merits.

4. On March 6, 2007 the Trial Court made certain evidentiary rulings concerning admissibility/inadmissibility of certain documents and witnesses discussed in Mr. Chenevert's Pre-trial Memorandum, those rulings (judgments) are contrary to the law and evidence, should be reversed. Evidentiary rulings objected to at trial by Mr. Chenevert are contrary to the law and evidence, should be reversed.

5. The Trial Court required Mr. Chenevert who had been permitted to proceed in forma pauperis certain costs for the appeal which the Louisiana Code of Civil Procedure Art. 5185 (1) & (4) provide he should not have been required to pay.

The defendants filed a motion to dismiss the plaintiff's appeal, asserting that the appeal was inappropriate as it was taken from interlocutory judgments. Consideration of that the motion was deferred until review of the appeal.

The defendants also answered the appeal, seeking attorney fees, expenses, and costs for defense of the civil rights claim initially pursued by the plaintiff. They also offered alternative assignments of error in the event of a reversal of the dismissal of the plaintiff's claim below.

**Discussion**

*Motion to Dismiss*

The defendants first seek dismissal of the plaintiff's appeal as the Order of Appeal and Notice of Appeal designate judgments of March 1 and 8, 2007 as those appealed. As pointed out by the defendants, however, those dates relate to the granting of the motion to strike jury and the granting of the motions for involuntary dismissal and directed verdict. The defendants contend that the March judgments were interlocutory and that the trial court did not enter a final, appealable judgment until April 12, 2007. In this latter judgment, the trial court combined the issues and

3

rendered its Judgment of Dismissal With Full Prejudice. The defendants note that the April 12, 2007 judgment was not included in the order or notice of appeal.

Louisiana Code of Civil Procedure Article 2083 provides, in part:

A.    A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

. . . .

C.    An interlocutory judgment is appealable only when expressly provided by law.

Having reviewed the judgments, we find no merit in the contention that the orders of March 1 and 8, 2007 were not final judgments. They not only identified the parties and granted the relief sought, but the plaintiff's claims against the moving parties were "dismissed, with full prejudice, at Plaintiff's cost." To the extent that the defendants allege deficiencies in these judgments, any such deficiencies were resolved by the subsequent April 12, 2007 dismissal. Therefore, we deny the defendants' motion to dismiss appeal and turn to consideration of the plaintiff's assignments.

*Motion to Strike*

The trial court granted the motion to strike jury trial filed by Deputies Whiddon and Maldanado pursuant to the Louisiana Governmental Claims Act, La.R.S. 13:5101, *et seq.* The plaintiff contests this determination on appeal, asserting that the deputies were acting in their capacity as security guards and not as deputies.

Louisiana Revised Statutes 13:5101(B) indicates that the Louisiana Governmental Claims Act applies to any suit for injury against "an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment." A sheriff is included within the

4

definition of "political subdivision." *See* La.R.S. 13:5102(B)(1). In *Simmons v. Turner*, 04-374 (La.App. 3 Cir. 11/17/04), 888 So.2d 357, *writ denied*, 04-2994 (La. 2/4/05), 893 So.2d 884, a panel of this court considered this definition in its determination that sheriff's deputies are employees of a political subdivision for purposes of the Louisiana Governmental Claims Act. Accordingly, deputies are able to avail themselves of La.R.S. 13:5105(A), which provides that: "No suit against a political subdivision of the state shall be tried by jury."

We find no merit in the defendant's contention that the above provision is inapplicable to reserve sheriff's deputies such as Whiddon and Maldanado. The plaintiff correctly states that the deputies were paid by the lounge to work as security guards for the evening. However, deposition excerpts supplied by the plaintiff in opposition to the motion to strike indicate that they were assigned to the lounge detail as part of their work as reserve deputies and that they received their training in the reserve deputy program. Furthermore, it is clear that the incident, which occurred during the plaintiff's arrest, arose out of the discharge of the deputies' official duties or within the course and scope of their employment as is required by La.R.S. 13:5101(B).

This assignment lacks merit.

*Involuntary Dismissal*

The plaintiff contests the trial court's granting of the deputies' motion for involuntary dismissal insofar as he contends that the deputies had a duty to protect him from the third party who knocked him to the ground while he was being detained, yet they failed to do so.

5

Negligence claims arise under La.Civ.Code art. 2315(A), which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Pursuant to the duty-risk analysis used for analyzing such a claim, a plaintiff must prove that (1) the conduct in question was the cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to the plaintiff; (3) the requisite duty was breached by the defendant; and (4) the risk of harm was within the scope of protection afforded by the duty breached. *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289 (La.1993).

With regard to involuntary dismissal, La.Code Civ.P. art. 1672(B) provides:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

A trial court's granting of an involuntary dismissal is reviewed for manifest error. *Basic Home Care Serv., Inc. v. Dore*, 06-1036 (La.App. 3 Cir. 12/6/06), 945 So.2d 861. Our review of the record reveals no such manifest error.

As noted by the trial court,[2] the plaintiff's case lacks proof that any duty owed

---

[2] In oral reasons for ruling, the trial court addressed both the motion for involuntary dismissal and the motion for directed verdict, stating:

> I've reviewed my notes extensively; paid attention throughout the trial. Reviewed the pretrial memos, considered the law governing this case, and . . . I can't come up with, with a duty. And if I did come up with a duty and accepted your premise that there was a duty to protect Mr. Chenevert, even though, I think the testimony has proven that he was not a patron at the time and he should [not have] been around the bar, I don't, I can't come up with any way that duty would [have] been breached, because he was not being detained and all of the [sic] sudden a third party, criminal or not, intervened and engaged in activity that, based upon the Plaintiff's testimony, caused an injury. But during the course of that event, everybody was knocked down, I just, I can't come up with a duty and breach of that duty. So, I'm gonna grant the Motion for Directed Verdict and Motion for Involuntary Dismissal.

by the deputies was breached. Rather, the plaintiff's description of the events is one of sudden, unforeseeable act by a third party. The plaintiff described the deputies' arrest of him and stated that they:

> [B]oth grab my arm, they take it to the back, and they're, they're holding, gonna handcuff me, and the next thing you know, I'm looking up and you see this guy coming from a good little distance, he's coming, runs right into us." I mean he just smacked us, I mean, just knocked us all down.

No other evidence was presented indicating that the deputies could have or should have foreseen this occurrence. Nor did the plaintiff prove that any action/inaction by the deputies was unreasonable in light of the circumstance. In fact, it is unclear how the plaintiff would have had the deputies alter their actions so as to prevent his alleged injuries. In short, the plaintiff established only an occurrence and an *alleged* breach of duty. This type of allegation does not sustain his burden of proof. The trial court's involuntary dismissal was not manifestly erroneous.

*Directed Verdict*

The plaintiff also contests the granting of Premier 1's motion for directed verdict as he contends the establishment owed a duty to protect him under The Alcoholic Beverage Control Law, La.R.S. 26:1, *et seq*. Specifically, La.R.S. 26:90(A) provides, in part:

> A. No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
>
> . . . .
>
> (13) Permit any disturbance of the peace or obscenity, or any lewd, immoral, or improper entertainment, conduct, or practices on the licensed premises.

7

Louisiana Code of Civil Procedure Article 1810 provides as follows with regard to a motion for directed verdict:

> A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict that is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury.

On review of a directed verdict, an appellate court considers the evidence presented and determines whether reasonable persons could have arrived at a contrary verdict. *Hebert v. BellSouth Telecommunications, Inc.*, 01-223 (La.App. 3 Cir. 6/6/01), 787 So.2d 614, *writ denied*, 01-1943 (La. 10/26/01), 799 So.2d 1145.

As with the other defendants, the plaintiff failed to present evidence as to a duty owed by Premier 1 under these circumstances and a breach of that duty. At the time of the incident, the plaintiff had not left the premises after being told to do so and was under arrest. No evidence was presented indicating that the establishment knew or should have known that the unidentified third party posed a risk or what further action would have been required of the premises' owner under the circumstances. In light of these allegations, unsubstantiated by proof, no reasonable persons could have concluded that the plaintiff established Premier 1's negligence. Accordingly, the trial court did not err in entering the directed verdict, dismissing the plaintiff's claim.

*Evidentiary Rulings*

The plaintiff next contests the trial court's determination that records related to his alcohol treatment were admissible. He argues summarily that the records were confidential and should have not been introduced.[3]

Louisiana Code of Evidence Article 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." While relevant evidence is generally admissible pursuant to Article 402, it may "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La.Code Evid. art. 403. A trial court's determination as to the relevance and admissibility of evidence will not be disturbed on appeal absent an abuse of discretion. *Johnson v. First Nat. Bank of Shreveport*, 00-870 (La.App. 3 Cir. 6/20/01), 792 So.2d 33, *writ denied*, 01-2770 (La. 1/4/02), 805 So.2d 212, *writ denied*, 00-2783 (La. 1/4/02), 805 So.2d 213.

We find no abuse of discretion in the trial court's ruling. Rather, the plaintiff placed his physical condition at issue by the filing of suit. The records were also relevant insofar as the plaintiff's recollection or reporting of the events leading up to his injury to medical personnel may have differed from his testimony at trial.

---

[3] During the course of proceedings, the plaintiff filed a motion to quash subpoenas related to discovery of the information related to alcohol treatment. The motion was denied by the trial court due to a determination that the filing of the plaintiff's lawsuit placing a physical or mental condition at issue constituted good cause for the discovery of the privileged treatment records. The plaintiff's subsequent writ application on the issue was denied. *See Chenevert v. William Earl Hilton, Sheriff,* 97-1156 (La.App. 3 Cir. 9/30/97). Accordingly, review of this issue is controlled by the law of the case doctrine. However, the plaintiff's brief appears to focus on the admissibility of the information at trial.

In an additional argument, which is unsupported to an extent so as to subject it to abandonment,[4] the defendant also questions the trial court's refusal "to permit the Administrative Law Judge who had determined Mr. Chenevert was qualified to receive social security disability payments from testifying to this fact." We do not address this argument as it is related to damages and has been rendered moot by the previous finding as to liability.

*Costs*

The plaintiff next questions the assignment of costs related to his devolutive appeal as he had been permitted to proceed *in forma pauperis*. However, the parties' briefs on this point indicate that review would entail documents and court rulings that were not designated as part of the record. Instead, the plaintiff attaches the documents to his brief. It does not appear that a separate application for review of the trial court's ruling as to the costs, whether by writ application or by appeal, has been made. It is well settled that an appellate court renders judgment upon the record on appeal, that briefs and/or attachments to the briefs are not a part of the record, and that new evidence cannot be received on appeal. *See C&B Sales & Serv., Inc. v. Slaughter*, 04-551 (La.App. 3 Cir. 10/20/04), 885 So.2d 683. Accordingly, we do not review this assignment.

*Answer*

In an answer to the appeal, the defendants observe that the plaintiff originally pursued claims under 42 U.S.C. §§ 1983 and 1985, but that these claims were dismissed by the trial court upon their successful motions. Although the defendants

_____

[4] Rule 2-12.4 of the Uniform Rules - Courts of Appeal provides, in part, that "[a]ll specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed."

pursued recovery of attorney fees and other costs pursuant to § 1988, the trial court denied their claim finding an absence of bad faith on the part of the plaintiff. The defendants again assert their claim before this court.

42 U.S.C. § 1988 provides, in part:

**(b) Attorney's fees**
In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

**(c) Expert fees**
In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

While a trial court has discretion to award fees to a prevailing defendant under § 1988, it may do so only "'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, ftnt 2, (1983)(quoting, in part, *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978)).

Having reviewed the record, we find no indication that the plaintiff's initial claim was so frivolous, unreasonable, or lacking in foundation that the trial court was *required* to award fees under § 1988. Accordingly, we find no abuse of discretion and do not disturb the trial court's determination.

11

**DECREE**

For the foregoing reasons, the motion to dismiss appeal is denied. The judgment of the trial court is affirmed. The defendants' request for attorney fees is denied. All costs of this proceeding are assessed against the plaintiff-appellant, Lamonteanson Chenevert.

**MOTION TO DISMISS APPEAL DENIED. AFFIRMED.**