# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-322

CORINNE RENEE FONTANA

VERSUS

JAMES CRAIG LANDRY

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 82,637
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

Anthony J. Fontana, Jr.
Attorney at Law
210 North Washington Street
Abbeville, Louisiana  70510
(337) 898-8332
Counsel for Plaintiff/Appellee:
       Corinne Renee Fontana

G. Paul Marx
Attorney at Law
Post Office Box 82389
Lafayette, Louisiana  70598-2389
(337) 237-2537
Counsel for Defendant/Appellant:
       James Craig Landry

**SULLIVAN, Judge.**

A former husband appeals the judgment partitioning community property between himself and his ex-wife. We vacate and remand.

## FACTS AND PROCEDURAL HISTORY

Corinne Renee Fontana and James Craig Landry were married on June 28, 2002. Fontana filed a petition for divorce on December 10, 2004. Landry, in proper person, filed an acceptance of service and waiver of citation on January 5, 2005. A consent judgment was signed by the trial court on February 24, 2005, declaring that the community property regime existing between the parties was terminated retroactive to the date the petition for divorce had been filed. Landry did not contest the divorce petition, and, following a hearing, a judgment of divorce was signed on August 30, 2005. Landry did not appear at the divorce hearing. In March of 2006, after having retained counsel, Landry filed a petition for partition of community property. After Landry and Fontana had each filed a sworn descriptive list, Landry requested that the partition be set for trial.

On October 25, 2006, the trial court signed an order setting the matter for trial on December 11, 2006. Stamped on the bottom left corner of the order was a note, signed by a Deputy Clerk on November 14, 2006, stating that the matter was also set for hearing on January 16, 2007. There is nothing in the original appellate record to indicate why the matter did not proceed to trial on either of the two dates listed on the October 25, 2006 order. Nevertheless, Landry's attorney, Louis G. Garrot, filed a motion to withdraw as counsel of record for Landry on April 22, 2008. In the motion, Mr. Garrot stated that there were no hearings, conferences, or trials scheduled and that no scheduling order was in effect.

The trial of the partition took place on July 15, 2008. According to the court minutes, Landry was not present in court that day, although he had "been officially notified by previous counsel, Louis G. Garrot[,] and had not filed any opposition to the rule." The transcript of the proceeding indicates that the bailiff "sounded" the hall and received no response from Landry. The transcript further reveals that the trial court inquired as to whether Landry had been given notice of the proceeding and that counsel for Fontana answered in the affirmative. After taking evidence and testimony, the trial court rendered a judgment of partition. Fontana was awarded complete ownership of: (1) the community home located at 611 North State Street in Abbeville, Louisiana; (2) all movables in her possession, including the community pets; and (3) her retirement with the Louisiana Public Teacher's Retirement System. Fontana was ordered to assume the community debt owed on the home and to hold Landry harmless from that debt. Landry was awarded ownership of all movables in his possession. The parties were ordered to assume the credit card debt that each had taken at the time of their separation and to hold each other harmless for that debt. Judgment was rendered in favor of Fontana and against Landry in the amount of $26,814.70, and Landry was ordered to pay all costs of the proceeding. Notice of signing of the judgment was mailed to Landry on July 22, 2008, at the address listed in his former attorney's motion to withdraw as counsel of record.

Landry now appeals. In his sole assignment of error, he claims that the trial court erred in rendering judgment because he had not been served with formal notice of the partition trial. In addition, Landry complains that after his attorney withdrew, Fontana filed two amended detailed descriptive lists, neither of which indicate that he was provided with notice of their having been filed.

2

The rules and procedures applicable to the partition of community property are located in La.R.S. 9:2801. Those rules provide that "each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities." La.R.S. 9:2801(A)(1)(a). They further provide that "[w]ithin sixty days of the *date of service* of the last detailed descriptive list, each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party." La.R.S. 9:2801(A)(2) (emphasis added).

Louisiana Code of Civil Procedure Article 1571 provides that:

A. (1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:

(a) Require adequate notice of trial to all parties; and

(b) Prescribe the order of preference in accordance with law.

(2) These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.

Rule 24.0, Fifteenth Judicial District Rules of Court (local rule 24), provides, in pertinent part, that "*all parties must have actual notice* not less than 10 days before trial of a rule or on the merits." (Emphasis added). Local rule 24 further provides that "[n]otice of the scheduled trial date and any pertinent scheduling orders shall be mailed by the clerk of court to all counsel of record or unrepresented parties."

On appeal, Landry contends that there is nothing in the record to indicate that he was provided with any notice regarding the July 15, 2008 partition trial. He points out, however, that after the judgment of partition was rendered, he was sent formal notice of the judgment at the address listed in Mr. Garrot's motion to withdraw. In

addition, Fontana filed a pretrial memorandum on the morning of the partition trial which, similar to the amending detailed descriptive lists that Fontana had filed, did not contain any certificate of service. Attached to that memorandum was an exhibit consisting of more than 100 pages of documentation in support of Fontana's reimbursement claim in the amount of $26,814.70, substantially more than her original reimbursement claim of only $7,771.84.

On April 22, 2009, after Landry had filed his appellant brief, a supplement record was filed in this matter. Contained therein is a letter from Fontana's attorney to the Vermilion Parish Clerk of Court, requesting that the appellate record be supplemented to include three notices of trial issued by the trial court to the attorneys of record, along with two letters from Mr. Garrot.[1] According to the supplemented record, the trial court mailed a Notice of Fixing of Case to the attorneys of record on November 16, 2006, setting the partition for trial on December 11, 2006; the notice indicated that the matter was also set for January 16, 2007. By agreement of the parties, the partition was removed from the January 16, 2007 trial docket and the matter was reset for March 27, 2007.[2] A Notice of Fixing of Case was again sent by the trial court to the attorneys of record indicating the date on which the partition had been reset. The March 2007 trial date was also continued without date by agreement of the parties.[3] On March 13, 2008, the trial court mailed another Notice of Fixing

[1]According to La.Code Civ.P. art. 2128, the record on appeal "shall be a transcript of all the proceedings as well as all documents filed in the trial court" unless a party timely designates in writing which portions of the record are to constitute the record on appeal. It does not appear that either Landry or Fontana designated the record on appeal; thus, it is unclear why the documents contained in the supplemented record were not included in the original appeal record.

[2]A letter to the clerk of court from Landry's attorney, dated January 9, 2007, evidenced the parties' intention to reset the January 16, 2007 partition trial to March 27, 2007.

[3]A letter to the clerk of court from Landry's attorney, dated March 26, 2007, notified the trial court of the parties' request that the March 27, 2007 partition trial be set aside pending resolution of whether a house and lot owned by the parties was a partitionable asset.

4

of Case to the attorneys of record setting the partition for May 9, 2008; the notice indicated that the matter was also set for July 15, 2008.

Fontana submits that the trial court complied with La.Code Civ.P. art. 1571 and local rule 24, as evidenced by the March 13, 2008 notice of trial which was sent to Mr. Garrot who was still representing Landry at the time. Fontana contends that it is "customary" in community property partition cases for the parties to file amending detailed descriptive lists up to and including the morning of trial. Accordingly, she seeks to have this court ignore the fact that some, if not all, of her amending detailed descriptive lists were not served on Landry or his attorney by arguing that "[d]etailed descriptive lists are not pleadings that require an answer and are therefore not served upon or required to be served upon the other party." She argues that had Landry appeared at the July 15, 2008 trial, he could have objected to the trial court's consideration of those lists or requested a continuance if he could show that he had not been provided with the lists in advance of the trial. Fontana further submits that Landry has failed to offer proof that he did not receive the lists.

Finally, Fontana contends that Landry had notice of the July 15, 2008 trial but simply chose not to appear. Nevertheless, she questions why Landry's former attorney would have included in his motion to withdraw the statement that there were no hearings, conferences, or trials scheduled in the matter, and she states that "[t]his is an issue that should be taken up by the district court."

Our review of the record reveals that, although the motion to withdraw was granted on April 22, 2008, the certificate of service included in the motion was signed by Mr. Garrot on March 18, 2008, over a month prior to the date it was granted by the trial court and only five days after notice of the May 9, 2008, or, alternatively, the

5

July 15, 2008 trial date had been mailed to him. In addition, none of Fontana's four detailed descriptive lists, including two that she filed subsequent to the trial court's grant of Mr. Garrot's motion to withdraw as Landry's counsel, contain a certificate of service[4] indicating that the pleading had been served on either Landry or his former attorney of record. On the other hand, the only detailed descriptive list filed by Landry included a certificate of service signed by his former attorney indicating that the pleading had been mailed to all counsel of record.

Uniform Rules—Courts of Appeal, Rule 1–3 sets out the appellate scope of review and dictates that courts of appeal "will review only issues which were submitted to the trial court." *See Guilbeaux v. Times of Acadiana, Inc.*, 94-1270 (La.App. 3 Cir. 8/9/95), 661 So.2d 1027, *writ denied*, 95-2942 (La. 3/29/96), 670 So.2d 1238. Further, an appellate court must limit its review to the evidence in the record, and an appellate court cannot receive new evidence. *Chenevert v. Hilton*, 07-1223 (La.App. 3 Cir. 3/5/08), 978 So.2d 1078, *writ denied*, 08-731 (La. 5/30/08), 983 So.2d 901.

We are of the opinion that the trial court acted reasonably in proceeding with the partition trial after being informed that Landry had been notified of the trial date by his previous counsel and had not filed any opposition to the partition going forward. However, because Landry chose to file an appeal, rather than seeking a remedy in the trial court, either through a motion for new trial or an action for nullity, the issues of whether he had proper notice of the partition trial and/or of Fontana's

---

[4]See La.Code Civ.P. art. 1313 which allows certain pleadings to be served by mail, delivery, or facsimile. The article directs that when service is made in any of those manners, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.

amending detailed descriptive lists were never presented to the trial court for review.[5] As a result, there is no evidence in the record to aid this court in determining the merits of Landry's appeal. Accordingly, we vacate the judgment of partition and remand this matter to the trial court to hold an evidentiary hearing to address the issues identified herein and to ensure that there has been compliance with La.Code Civ.P. art. 1571, local rule 24, and La.R.S. 9:2801. The trial court is directed to give notice of the hearing to Landry, personally, as well as to all counsel of record.

## DECREE

For the foregoing reasons, the July 15, 2008 Judgment partitioning the community between Landry and Fontana is vacated and this matter is remanded for an evidentiary hearing on the issues discussed herein. Costs are to be assessed by the trial court after it addresses the issues on remand.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[5]While it appears that Fontana has conceded in her appellee brief that Landry may not have been provided with copies of all of the amending detailed descriptive lists that she filed, briefs do not form part of the record on appeal. *Chenevert*, 978 So.2d 1078.