# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 12-1311

SUCCESSION OF

JOHNSON BRACKINS, III

**\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, DOCKET NO. 2011-20263, DIV. A
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\***

JAMES T. GENOVESE
JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Roshell Jones**
**405 West Main Street, Suite 107**
**Lafayette, Louisiana 70501**
**(337) 504-3437**
**COUNSEL FOR APPELLANT:**
    **Verna B. Brackins**

**Joseph J. Vincent**
**1224 North Parkerson Avenue**
**Post Office Drawer 450**
**Crowley, Louisiana 70527-0450**
**(337) 783-3796**
**COUNSEL FOR APPELLEE:**
    **Laraine Workman Ryner**

**GENOVESE, Judge.**

Appellant, Verna B. Brackins (Verna), appeals the trial court's grant of a motion for involuntary dismissal in favor of Appellee, Laraine Workman Ryner (Laraine), finding that Verna failed to produce clear and convincing evidence that the decedent, Johnson Brackins, III, lacked testamentary capacity at the time he executed his last will and testament naming Laraine as his sole legatee. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The record indicates that Johnson Brackins, III (decedent), died on November 3, 2011. Prior to his death, decedent executed a notarial will[1] dated February 14, 2011, before attorney Lyle O. Fogleman, Jr. (Attorney Fogleman), in which his entire estate was left to his girlfriend, Laraine. On November 9, 2011, Laraine filed the will for probate.[2] On November 28, 2011, Verna, sister of decedent, filed a Petition Contesting the Probate of the Will, alleging (1) lack of testamentary capacity, (2) undue influence, (3) fraud, and (4) lack of authenticity.

On July 23, 2012, trial of this matter was held. At the close of Verna's case, Laraine moved for an involuntary dismissal.[3] In oral reasons for ruling, the trial court addressed Laraine's motion for a judgment of involuntary dismissal stating:

> There's no evidence. A notarial testament is self-proving. It needs no proof to be probated. And in order to nullify it, there has to be some

---

[1]*See* La.Civ.Code arts. 1576–1580.1.

[2]Decedent's will also named Laraine as the executrix of his succession.

[3]The procedure governing motions for involuntary dismissal is found in La.Code Civ.P. art. 1672(B), which provides as follows:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

proof of incapacity or undue influence. There's been none, no evidence.

The only people who were there at all testified, without contradiction, that he well knew what he was doing when he executed the will.

The closest [Verna's] case comes to showing any incapacity at all is the testimony of Mr. Donnie Brackins who said that during those many months before [decedent] died that sometimes he was confused[,] but that he also had periods of lucidity. That doesn't come close to proving that on February 14, 2011, he was anything less than fully capable of executing a testament and having testamentary capacity.

There's no proof, and I'm going to grant your motion[.]

A written judgment was signed on August 6, 2012. Verna appeals.

## ASSIGNMENT OF ERROR

In her sole assignment of error, Verna asserts:

The trial court manifestly erred when it granted [Laraine's] Motion for Involuntary Dismissal yet failed to invalidate the decedent's will after testimony was presented that the Notary Public and testator signed the will in the intensive care unit of a hospital in Lafayette, Louisiana, while the witnesses signed the will at a hospital in Crowley, Louisiana.

## LAW

"A trial court's granting of an involuntary dismissal is reviewed for manifest error." *Chenevert v. Hilton*, 07-1223, p. 6 (La.App. 3 Cir. 3/5/08), 978 So.2d 1078, 1083, *writ denied*, 08-731 (La. 5/30/08), 983 So.2d 901 (citing *Basic Home Care Serv., Inc. v. Dore*, 06-1036 (La.App. 3 Cir. 12/6/06), 945 So.2d 861).

"Capacity to donate mortis causa must exist at the time the testator executes the testament." La.Civ.Code art. 1471. "To have capacity to make a donation . . . *mortis causa*, a person must also be capable to comprehend generally the nature and consequences of the disposition that he is making." La.Civ.Code art. 1477. "In an action to annul a notarial testament . . . the plaintiff always has the burden of proving the invalidity of the testament." La.Code Civ.P. art. 2932(B). "'A party is

2

presumed to have testamentary capacity, and the opponent bears the burden of defeating this presumption by putting forth clear and convincing evidence to the contrary.'" *In re Succession of Sandifer*, 05-860, p. 3 (La.App. 3 Cir. 3/1/06), 923 So.2d 862, 865 (quoting *Succession of Fletcher*, 94-1426, p. 4 (La.App. 3 Cir. 4/5/95), 653 So.2d 119, 121, *writ denied*, 95-1105 (La. 6/16/95), 655 So.2d 338).

Louisiana Civil Code Article 1577 states:

> The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:

> (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

> (2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this _____ day of _____, _____."

"The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null." La.Civ.Code art. 1573.

## DISCUSSION

Verna argues that the decedent's will should have been nullified by the trial court because the formalities required by La.Civ.Code art. 1577 were not met. According to Verna, "testimony was presented that [Attorney Fogleman] and [decedent] signed the will in the intensive care unit of a hospital in Lafayette, Louisiana, while the witnesses signed the will at a hospital in Crowley, Louisiana."

Noteworthy is the fact that Verna's case at the trial of this matter dealt with whether the decedent possessed the requisite testamentary capacity on February 14,

3

2011; however, the argument presented in Verna's appeal concentrates on alleged defects in formality. Though the issue of defects in formality was not brought before the trial court and, therefore, is not properly before us, we feel obliged to address the misinterpretation of the evidence as presented by Verna.[4] Based upon our review of the evidence, we find Verna's version of the trial testimony to be inaccurate.

According to the record, the will was prepared and notarized by Attorney Fogleman. The witnesses to the execution of the testament were Linda W. Eaglin and Ruth B. Victoria. In her appellate brief, Verna asserts that the evidence at trial was such that Ms. Eaglin and Ms. Victoria signed the will as testamentary witnesses in Crowley, while decedent and Attorney Fogleman signed the will as testator and notary, respectively, in Lafayette. The evidence in the record refutes that assertion.

Attorney Fogleman testified that he met decedent, Laraine, Ms. Eaglin, and Ms. Victoria, on February 14, 2011. However, there is a discrepancy in Attorney Fogleman's testimony as to where the will was signed. When asked whether decedent's will was signed at his office, he replied, "No[,] . . . I believe it was done at the hospital." When asked at what hospital, he replied, "I'm not sure. It was in Lafayette. . . . I'm pretty sure it was Lafayette." Attorney Fogleman described the process as:

> [W]hen I did arrive . . .[, decedent] knew I was there. We visited, and I read the will to him verbatim and asked him if that's what he had requested and what he wanted, and he said yes, and executed the will in front of me, the two witnesses. Everybody signed it and I notarized it.

---

[4]Louisiana Code of Civil Procedure Article 2164 provides, in pertinent part: "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

4

When questioned about the will indicating it was signed in Acadia Parish, and not Lafayette Parish, Attorney Fogleman again acknowledged "I think it was at the hospital in Lafayette." Counsel for Verna also asked Attorney Fogleman, "[W]as [decedent] acting in an ill manner or in a capacity of someone who was really sick?" To which he responded, "I don't recall. But I can tell you that had I thought [decedent] was not aware of what he was doing[,] I would not have proceeded with the document."

Both Ms. Eaglin and Ms. Victoria testified that they were called by Laraine on February 14, 2011, to be witnesses to the execution of decedent's will. They testified that they met decedent, Laraine, and Attorney Fogleman at American Legion Hospital in Crowley, Louisiana. According to Ms. Eaglin and Ms. Victoria, decedent signed the will; they signed as witnesses; and Attorney Fogleman signed as notary at the American Legion Hospital in Crowley.

Laraine corroborated the testimony of Ms. Eaglin and Ms. Victoria. According to Laraine, she and decedent met with Attorney Fogleman at his law office in Crowley a few days before February 14, 2011, to request that he draft decedent's will. When decedent began suffering from a bowel blockage on February 14, 2011, he sought treatment at the emergency room of American Legion Hospital in Crowley. While there, decedent requested that Laraine contact Attorney Fogleman, Ms. Eaglin, and Ms. Victoria, in order for him to finalize his will. Laraine testified that decedent's will was executed, witnessed, and notarized at American Legion Hospital in Crowley.

Based upon our review of the record, there is no proof that the formalities required of La.Civ.Code art. 1577 were not met. Verna presents the flawed recollection of Attorney Fogleman as proof for invalidation of decedent's will. However, although Attorney Fogleman was uncertain as to where he remembers

the will being signed, what was unequivocal was his testimony that decedent signed the will in his presence and in the presence of Ms. Eaglin and Ms. Victoria and that he notarized the will in the presence of all. Whether the will was executed in Lafayette or Crowley is of no consequence. Hence, all of the necessary formalities required by La.Civ.Code art. 1577 were met.

We also find that the evidence does not support Verna's position that decedent lacked testamentary capacity. Attorney Folgeman, Ms. Eaglin, Ms. Victoria, and Laraine were the only individuals to testify who actually saw decedent on the day his will was executed. These four individuals all testified that decedent did not exhibit any cognitive impairment or confusion whatsoever. To the contrary, they testified that decedent, though ill, was capable of understanding the will he was signing. The testimony of Donnie Brackins and Roy Brackins, Sr. may establish that decedent's mental state was different before his death; however, this is insufficient to substantiate accusations that he lacked testamentary capacity on February 14, 2011. Thus, we find no manifest error in the trial court's holding that Verna failed to prove, by clear and convincing evidence, that decedent lacked testamentary capacity in the execution of his last will and testament.

**DECREE**

Based on the foregoing reasons, we affirm the trial court's grant of the motion for involuntary dismissal in favor of Appellee, Laraine Workman Ryner. Costs of this appeal are assessed against Appellant, Verna B. Brackins.

**AFFIRMED.**